Priority ✗
Send ✗
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only


FILED
DEC - 6 2002

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL A. BERNSTEIN,
        Plaintiff,

v.

GARY WINNICK, ET AL.,
        Defendant.

NO. CV 02-08630 LGB (RCx)

**STANDING ORDER**

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE UNLESS OTHERWISE ORDERED BY THE COURT.**

In an effort to provide the parties with consistent guidelines regarding their motion practice and to manage the Court's docket in conjunction with the Local Rules, the Court hereby adopts the following standing order concerning motion practice before the Court other than motions in limine:

1) All motion hearing dates shall be cleared and assigned by the Courtroom Deputy, Catherine Jeang, BEFORE the motion is filed with the Clerk's office. The Courtroom Deputy will assign a hearing date six weeks after the date upon which counsel files the opening brief absent compelling circumstances. Failure to read or comply with this order is **not** a "compelling circumstance." Catherine Jeang may be reached at (213) 894-3700. The Court retains discretion to alter

DEC - 9 2002

1 | hearing dates in appropriate circumstances.

2) **Failure to clear a hearing date with the Courtroom Deputy will likely result in the Court striking the motion.**

3) The Court SETS the following briefing schedule for all motions:

    a) Motions shall be filed no later than **six** weeks before the scheduled hearing date. Courtesy copies shall be provided to chambers;

    b) Oppositions shall be filed no later **five** weeks before the scheduled hearing date. Courtesy copies shall be provided to chambers; and

    c) Replies shall be filed no later than **four** weeks before the scheduled hearing date. Courtesy copies shall be provided to chambers.

4) Wherever possible, parties shall confer among themselves to consolidate related motions and/or schedule related motions for the same hearing date. The parties are reminded that they must comply with the requirements of Local Rule 7-3 ("Conference of Counsel Prior to Filing Motions").

5) The above schedule represents the Court's minimum expectations regarding motions. Parties and counsel are encouraged to agree on a mutually acceptable briefing schedule among themselves, taking into account these requirements in light of the complexity of any given motion.

6) Ex parte applications are disfavored in the absence of a **true emergency**. Parties filing such applications shall include a short

1  statement explaining why they believe their concerns require
2  extraordinary attention. Such a statement shall indicate what
3  attempts were made to reach agreement with other parties concerning
4  the issue(s) and why the parties were unable to come to an
5  agreement. Stipulations are highly encouraged, whenever possible.
6  7)  Opposing parties have 24 hours from the filing of such ex
7  parte applications within which to respond or oppose the ex parte
8  request. Responding parties must inform the Courtroom Deputy by
9  telephone of their position.
10 8)  Abuse of the ex parte application process may result in
11 sanctions.
12 9)  Plaintiff(s) shall serve a copy of this standing order on
13 defendant(s).

**IT IS SO ORDERED.**

Dated: **December 6, 2002**

*[signature]*

LOURDES G. BAIRD
**United States District Judge**